1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,        )   No. CR 07-1205 (A) CBM
12                                   )
              Plaintiff,             )
13                                   )   ORDER DENYING DEFENDANT
                  v.                 )   TRAVIS ZIPPER'S MOTION TO
14                                   )   DISMISS COUNTS THREE, TWELVE
    BRIAN MARTIN, et al.             )   AND SEVENTEEN OF THE SECOND
15                                   )   SUPERSEDING INDICTMENT
              Defendants.            )
16                                   )

17      The matter before the Court is Defendant Travis Zipper's "Motion to
18  Dismiss Counts Three and Twelve of Th [sic] Second Superceding [sic]
19  Indictment" (the "Motion").[1] [Doc. No. 175.] Zipper appeared before the Court
20  for oral argument and upon consideration of the papers and arguments presented,
21  the Court DENIES the Motion to Dismiss.
22                              **BACKGROUND**
23      Defendants Brian Martin ("Martin") and Travis Zipper ("Zipper") are
24
25  ---
    [1] Although Zipper's Motion is styled as a Motion to Dismiss Counts Three and Twelve,
26  Zipper's Notice of Motion states that he "submits this motion to Count Three and Count
    Twelve, Count Twelve and Count Seventeen, as being multiplicitous." (Notice at 1:20-21.)
27  Zipper's Memorandum of Points and Authorities in support of his Motion provides the Court no
    further clarification as to which counts the Motion is directed. The Court has construed
28  Zipper's Motion as addressing Counts Three, Twelve and Seventeen.

                                      1

accused of participating in a conspiracy to extort money by threats and force from various individuals in connection with the collection of a loan. The operative indictment in this case is the Second Superseding Indictment, which the Government filed on January 23, 2009. Counts Three, Twelve, and Seventeen each charge Martin and Zipper with extortion under the Hobbs Act (18 U.S.C. §§ 1951, 2(a)) through the use of wrongful and threatened force, violence, and fear to induce consent.

## LEGAL STANDARD

Under the rule of multiplicity, an indictment may not charge a single offense in multiple counts. *United States v. UCO Oil Co.,* 546 F.2d 833, 835 (9th Cir. 1976), *cert. denied,* 430 U.S. 966 (1977). The rule is intended to prevent punishment provided for a single offense from pyramiding by a multi-count indictment. *United States v. Hurt,* 795 F.2d 765, 774 (9th Cir. 1986)(citations omitted); *UCO Oil Co.,* 546 F.2d at 835. "[I]f Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." *Bell v. United States,* 349 U.S. 81, 84 (1955). "Lenity [however] serves only as an aid for resolving an ambiguity; it is not to be used to beget one. The rule comes into operation at the end of the process of construing what Congress has expressed, not at the beginning of an overriding consideration of being lenient to wrongdoers." *Albernaz v. United States,* 450 U.S. 333, 342 (1981) (quotation omitted). According to Wright & Miller, the rule against multiplicity is a pleading rule, the violation of which is not fatal to an indictment. *See* 1A Wright & Miller § 142.

## DISCUSSION

Zipper moves to dismiss Counts Three, Twelve, and Seventeen on the basis that they violate the rule against multiplicity. In his Motion, Zipper argues that the counts he seeks to dismiss, are based on the same acts as part of a scheme.

(Mot. at 2:10-11.)

Specifically, Counts Three, Twelve, and Seventeen allege the following:

- Count 3: On June 25, 2007, Martin and Zipper attempted to obstruct, delay, and affect commerce and the movement of commodities in interstate commerce when they obtained $10,000 from Dean through extortion;
- Count 12: On September 28, 2007, Martin and Zipper attempted to obstruct, delay, and affect commerce and the movement of commodities in interstate commerce when they obtained $500 from Dean through extortion;
- Count 17: On or about October 2, 2007, Martin and Zipper attempted to obstruct, delay, and affect commerce and the movement of commodities in interstate commerce when they attempted to obtain $40,000 from Dean through extortion.

In relevant part, 18 U.S.C. § 1951 provides that anyone who "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by... extortion" violates the Hobbs Act. "Extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear...."

The clearest reading of the statute is that each individual "obtaining of property...by wrongful use of actual or threatened force, violence, or fear" constitutes the basis for a separate offense under the Hobbs Act. In this case, the Second Superseding Indictment alleges that Zipper's acts, occurring on three separate dates, are independent violations of the Hobbs Act. *See United States v. Technic Services, Inc.*, 314 F.3d 1031, 1046 (9th Cir. 2002) ("An indictment is not multiplicitous merely because it charges more than one violation of the same statute based on related conduct; instead, a defendant can be convicted of multiple violations of the same statute if the conduct underlying each violation involves a separate and distinct act."). Therefore, the rule against multiplicity was not violated, as that rule only prohibits the Government from charging a single offense in several counts and is intended to prevent multiple punishments for the same act.

3

In addition, *United States v. Molinaro*, relied on by Zipper, involved bank fraud under 18 U.S.C. § 1344 and does not support Zipper's argument that Counts Three, Twelve, and Seventeen violate the rule against multiplicity. 11 F.3d at 853. The analysis in *Molinaro* is specific to the bank fraud statute and *Molinaro* is instructive insofar as it sets forth the analysis the district court is required to perform where the indictment is alleged to be multiplicitous.

In *Molinaro*, the defendants were convicted of 30 separate counts of bank fraud under 18 U.S.C. § 1344. *Id.* On appeal, the defendants argued that each of counts 1 though 30 purporting to charge a violation of the bank fraud statute charges a step in the same scheme to defraud and are therefore multiplicitous. *Id.* at 858. In vacating the defendants' sentences and remanding for resentencing, the Ninth Circuit found that the some of the counts were multiplicitous and held that "the unit of offense created by § 1344 is not each act in furtherance of a scheme to defraud but each execution or attempted execution of the scheme to defraud." *Id.* at 860. In so ruling, the Ninth Circuit specifically cited to the language of § 1344, "which provide[s] for the punishment of 'whoever knowingly executes, or attempts to execute, a *scheme* or artifice…to defraud a financial institution.'" *Id.* at 859 (quoting § 1344)(emphasis added). The statute at issue in this case, the Hobbs Act, does not contain any specific references to a scheme, and, as analyzed above, contemplates that each individual extortionate act constitutes the basis for a separate offense. Another difference between *Molinaro* and the present case is the difference between the allegations in the indictments. In *Molinaro*, the government repeatedly, and specifically, alleged that defendants engaged in a scheme to defraud. In contrast, although the Government alleges a conspiracy to extort in this case as well as extortion, each individual act of extortion is alleged independently of the conspiracy. Therefore, it is possible that Zipper could be found guilty of one, two, or all three of the extortion counts with which he is charged without violating the rule against multiplicity. Accordingly, for the

4

Case 2:07-cr-01205-CBM   Document 193   Filed 03/06/09   Page 5 of 5   Page ID #:1178

reasons stated above, *Molinaro* does not support Zipper's argument that Counts Three, Twelve, and Seventeen, charging independent violations of the Hobbs Act, are multiplicitous.

## CONCLUSION

Based on the foregoing, the Court DENIES Defendant Zipper's Motion to Dismiss Counts Three and Twelve of the Indictment.

IT IS SO ORDERED.

DATED:  March 6, 2009          By _____
                               CONSUELO B. MARSHALL
                               UNITED STATES DISTRICT JUDGE