1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA
10
11
   UNITED STATES OF AMERICA,          )      No.  CR 07-1205 (B) CBM
12                                     )
                    Plaintiff,         )
13                                     )      ORDER DENYING DEFENDANT'S
                    v.                 )      MOTION FOR CONTINUANCE
14                                     )
   BRIAN MARTIN, et al.                )
15                                     )
                    Defendants.        )
16 _____)

17        The matter before the Court is Defendant Travis Zipper's Motion for a

18 Continuance of the Trial (the "Motion").  [Doc. No. 170.]  The parties appeared

19 before the Court for oral argument and upon consideration of the papers and

20 arguments presented, the Court DENIES Defendant's Motion.  This Order is

21 consistent with the Court's ruling from the bench on March 3, 2009.

22                          **RELEVANT BACKGROUND**

23        Defendants Brian Martin ("Martin") and Travis Zipper ("Zipper") are

24 accused of participating in a conspiracy to extort money by threats and force from

25 various individuals in connection with the collection of a loan.  The indictment in

26 this case was filed on October 30, 2007.  [Doc. No. 14.]  On May 7, 2008, the

27 Government filed a First Superseding Indictment.  [Doc. No. 55.]  The operative

28 indictment in this case is the Second Superseding Indictment, which was filed on

                                    1

January 23, 2009.  [Doc. No. 139.]

### A.    Differences Between the First Superseding Indictment and Second Superseding Indictment

The primary difference between the First Superseding Indictment and the Second Superseding Indictment is that the Second Superseding Indictment contains 8 additional counts based on the same facts and circumstances involved in the previous two indictments.  There are 6 new counts against Martin alone alleging violations of 18 U.S.C. § 894 (Extortionate Extension of Credit Act) and 18 U.S.C. § 880 (knowingly receiving the proceeds of extortion).  There are 2 new counts against both Martin and Zipper alleging violations of these same statutes.

### B.    Requests for Continuance

This case has been continued four times since the initial trial date of December 18, 2007 was set, each time at the request of Defendants, with no opposition from the Government.  [Doc. Nos. 41, 51, 71, and 88.]  Trial is presently set to commence on March 3, 2009.

On February 11, 2009, Zipper filed a Request for Approval of Substitution of Attorney, substituting in Ronald Richards for Richard Schonfeld, which the Court granted on February 17, 2009 (the "Motion for Substitution").  [Doc. Nos. 158, 163.]  During the hearing on the Motion for Substitution, Mr. Richards stated that Zipper would like for him to substitute in regardless of whether the Court grants any continuance and further represented that he would be ready to go to trial on "any trial date the Court deems fit."  In his Motion, Mr. Richards reiterates that he would be ready for trial as long as his client's rights under 18 U.S.C. § 3161 (alleged entitlement to 30-day continuance pursuant to Speedy Trial Act based on return of Second Superseding Indictment) and *United States v. Garrett*, 179 F.3d 1143 (9th Cir. 1999) (alleged entitlement to continuance for newly-

retained counsel to prepare for trial) were preserved. (Mot. at 3:1-3.)[1]  During the hearing, Mr. Richards specifically represented that if the Court found against Zipper on the Speedy Trial Act issue and the *Garrett* issue, he would be ready for trial on March 3, 2009.

## LEGAL STANDARD

The Speedy Trial Act "does not require that the 30-day trial preparation period of [18 U.S.C.] § 3161(c)(2) be restarted upon the filing of a superseding indictment." *United States v. Karsseboom*, 881 F.2d 604, 607 (9th Cir. 1989). However, the district court has discretion to grant a continuance if the filing of a superseding indictment prejudices a defendant. *United States v. Rojas-Contreras*, 474 U.S. 231, 234-37 (1985); *see* 18 U.S.C. 3161(h)(7).

Specifically, Section 3161(h)(7)(A)[2] of the Speedy Trial Act authorizes the district court to grant an "ends of justice" continuance when the government seeks a superseding indictment that operates to prejudice a defendant. *Rojas-Contreras*, 474 U.S. at 236 (quoting 18 U.S.C. § 3161(h)(8)(A)).  The Act sets forth four factors, "among others, which a judge shall consider" in determining whether to grant a continuance:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the

---

[1] Specifically, during the hearing on February 17, 2009, Mr. Richards stated that he was requesting the 30-day continuance based on the fact that Zipper had been arraigned on the Second Superseding Indictment.

[2] Zipper incorrectly cites to § 3161(h)(8) in his Motion.  The correct citation is to § 3161(h)(7). § 3161(h)(8) was re-designated as § 3161(h)(7) when the Speedy Trial Act was amended on October 13, 2008.

indictment within the period specified in section 3161(b) [18 USCS § 3161(b)] or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 USCS § 3161(h)(7)(B).

The Ninth Circuit has recognized that the discretion granted to the trial court to invoke the "ends of justice" exception is narrow.  *United States v. Perez-Reveles*, 715 F.2d 1348, 1351 (9th Cir. 1983) ("Realizing that broad discretion would undermine the mandatory time limits of the Act, Congress intended that the ends of justice continuance be rarely used.") (quoting *United States v. Nance*, 666 F.2d 353, 355 (9th Cir. 1982)) (internal quotations omitted).  Moreover, the Ninth Circuit has interpreted Section 3161(h)(7) (designated as 3161(h)(8) at the time of the decision) to impose two explicit limitations on a district court's discretion to order continuances to the trial date.  *See id*. at 1350.  First, to ensure that the continuance provision only be invoked for reasons that would meet the ends of justice, the district court must consider the four factors enumerated in Section 3161(h)(7)(B) before a continuance can be granted. *Id.* at 1351.  Second, the court's discretion to grant a continuance pursuant to Section 3161(h)(7) is qualified by the limitation that the court set forth its reasons for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id.*

## DISCUSSION

In his Motion, Zipper argues that the Court should grant his request for a 30-day continuance for the following five reasons: (1) the Second Superseding Indictment changes theories and adds additional charges expanding the

1 Government's theory of the case; (2) Mr. Richards' representation that he would

2 be ready to proceed on March 3, 2009 was based on the "non-existent 404(b)

3 evidence"; (3) the 263 pages' worth of new discovery produced by the

4 Government on February 17, 2009 requires additional investigation; (4) *Garrett*,

5 which affirmed a district court's denial of a 30-day continuance, is

6 distinguishable; and (5) Mr. Richards has been prevented from preparing for trial

7 because he has unexpectedly had to draft several motions.  In addition, Zipper

8 requests an *in camera* hearing for the Court to consider his right to choice of

9 counsel because "forcing him to choose between an attorney he didn't want and

10 wasn't speaking with and a continuance causes an infringement of his Sixth

11 Amendment right to counsel."  (Mot. at 6:27-7:5.)

12 **A.   Second Superseding Indictment**

13 Zipper argues that the Second Superseding Indictment changes theories and

14 adds new charges.  (*Id*. at 2:18-20.)  In support, he states that the new indictment

15 adds eight new counts with a "much larger theory for the defense to deal with."

16 (*Id*. at 2:21-22.)  In order to demonstrate this fact, Zipper attaches to his Motion an

17 exhibit comparing the First Superseding Indictment with the Second Superseding

18 Indictment and states that the "Court can see the redlines which are the added facts

19 and counts."  (*Id*. at 2:22-24.)  Zipper then asserts that the "expansion of the

20 indictment warrants a 30 day continuance."  (*Id*. at 2:24.)

21 In its "Memorandum of Points and Authorities Regarding Defendant

22 Zipper's Claim of Right to a 30-Day Continuance of Trial Date" [Doc. No. 161],

23 the Government states that the new charges contained in the Second Superseding

24 Indictment

25 (1) are based on the same substantive allegations as contained in the
First Superseding Indictment, (2) do not rely on or require the review

26 of any discovery not previously produced, and (3) should not require
any trial preparation beyond what was already discussed prior to the

27 granting of the substitution request.

28 (Mem. at 2:21-3:1.)  In addition, during oral argument, the Government stated that

1   it would not be calling any additional witnesses based on the new charges

2   contained in the Second Superseding Indictment.

3         Zipper's first argument fails.  The Second Superseding Indictment adds

4   charges under two statutes – 18 U.S.C. § 894 (Extortionate Extension of Credit

5   Act) and 18 U.S.C. § 880 (knowingly receiving the proceeds of extortion).

6   Neither charge includes as an element a new substantive allegation of which

7   Zipper was not already aware.  The Extortionate Extension of Credit Act requires

8   the Government to prove that (1) Defendants knowingly used or participated in the

9   use of extortionate means to collect an extension of credit or loan and (2) in doing

10  so, Defendants expressly or implicitly threatened the use of violence or other

11  criminal means to cause harm to the person, reputation, or property of any person.

12  O'MALLEY'S JURY INSTRUCTIONS § 37.08.  The counts under the Extortionate

13  Extension of Credit Act, or the evidence required to prove a violation of the Act,

14  do not rely on or require review or production of any new discovery.  Likewise,

15  the counts under 18 U.S.C. § 880, which add a charge of receiving, possessing,

16  concealing, or disposing of any money or other property obtained from the

17  commission of extortion, are based on the same conduct alleged in the First

18  Superseding Indictment.  Zipper provides no analysis in support of his claim that

19  the new charges create a "much larger theory for the defense to deal with."[3]

20  Accordingly, Zipper has not made a showing that an "ends of justice" continuance

21  is warranted based on any prejudice to Zipper resulting from the return of the

22  Second Superseding Indictment.

23      **B.**    **404(b) Evidence**

24        Zipper argues that Mr. Richards' representation that he would be ready to

25

---

26  [3] In addition, Zipper requested a 30-day continuance during the February 17, 2009 hearing so that he could pursue a motion to dismiss the Second Superseding Indictment.  However, as

27  discussed more fully below, the motion to dismiss that Zipper subsequently filed only repeats an argument made in the previously-filed motion to dismiss.  In addition, the new motion to

28  dismiss does not attack any of the new counts in the Second Superseding Indictment.

proceed on March 3, 2009 was based on the "non-existent 404(b) evidence."

(Mot. at 3:4-5.)  Zipper then outlines the events leading up to the Government's

404(b) notice:

♦ January 21, 2009:  Government states in briefing that it is unaware of any 404(b) evidence that is not inextricably intertwined with the charges in this case.  Government further represents that insofar as such evidence develops, the Government will provide notice of its intent to offer such evidence during its case-in-chief by no later than February 10, 2009.
♦ February 10, 2009:  Government does not provide any 404(b) notice.
♦ February 13, 2009:  Government provides notice of 404(b) evidence.

(*Id.* at 3:4-25.)  Zipper then states that if all of the evidence listed in the

Government's 404(b) notice is admitted, it would make it "very prejudicial for

newly retained defense counsel to have to review [the] material" and that Mr.

Richards would have to develop additional defenses and responses to which he

will be "happy to alert the Court of under seal."  (*Id.* at 4:1-4.)

Zipper's argument regarding the timing of the Government's 404(b) notice

lacks merit.  First, Zipper was in possession of evidence that the Government

designated as 404(b) evidence as early as February 4, 2009.  In fact, Zipper was

already in receipt of the Government's 404(b) notice when Mr. Richards

represented that he was prepared for trial to go forward on March 3, 2009.  The

Government provided its official 404(b) notice on February 13, 2009, nearly three

weeks before trial.  Rule 404(b) itself envisions disclosure in advance of trial and

even during trial if the Government shows good cause.  FED. R. EVID. 404(b)

("[U]pon request by the accused, the prosecution in a criminal case shall provide

reasonable notice in advance of trial, or during trial if the court excuses pretrial

notice on good cause shown…")  In addition, on February 20, 2009, this Court

ordered the Government to provide notice of 404(b) evidence no later than

February 24, 2009.  [Doc. No. 166.]  Accordingly, the Government has complied

both with Rule 404(b) and this Court's Order regarding the provision of 404(b)

1  notice.  Therefore, Zipper has no basis for challenging the timing of the disclosure

2  and using the timing to justify a continuance.

3      **C.**    **New Discovery**

4        Zipper argues that the 263 pages' worth of new discovery produced by the

5  Government on February 17, 2009 requires additional investigation.  (Mot. at

6  3:26-28.)  Aside from identifying the additional discovery as including "numerous

7  302's [sic], transcripts of records, and other previously undisclosed materials,"

8  Zipper does not provide any specifics as to the nature of the discovery or the

9  additional investigation purportedly required.  (*See id*. at 3:27-28.)

10        In its reply, the Government states that none of the 263 pages of discovery

11  produced on February 17, 2009 could have been produced much earlier because it

12  consists of (1) recently completed transcripts of previously produced audio

13  recordings, which transcripts the Government intends to use as jury aids, if at all;

14  (2) FBI 302 reports of recently conducted witness interviews; (3) a 902(11)

15  declaration; and (4) a single-page drawing of the seating arrangement at the

16  Chili's restaurant in Rancho Cucamonga, California.  (Reply at 3:11-17.)

17        Zipper's third argument also fails.  None of the discovery disclosed on

18  February 17, 2009 constitutes "new" discovery and Zipper does not dispute the

19  Government's representation as to the nature of the discovery.  In addition, Zipper

20  does not provide any details as to the type of additional investigation this "new"

21  discovery has purportedly necessitated.  Accordingly, Zipper has not shown that

22  this "new" discovery justifies a continuance of the March 3, 2009 trial date.

23      **D.**    ***United States v. Garrett***

24        Zipper argues that *Garrett*, which affirmed a district court's denial of a 30-

25  day continuance, is distinguishable.  (Mot. at 6:23-26.)  He then states that "if he

26  articulates a legitimate conflict, the Court should find that his choice of counsel

27  was reasonable and afford his new counsel a reasonable continuance to April 7,

28  2009."  (*Id*. at 3:28-4:2.)  It is unclear from the Motion what "conflict" Zipper is

1    asserting, aside from an alleged conflict between his choice of counsel and a

2    continuance.

3        In this case, the Court granted Zipper's Motion for Substitution thereby

4    allowing Zipper to proceed to trial with his choice of counsel.  [Doc. No. 163.]  In

5    addition, excepting Zipper's purported rights under the Speedy Trial Act and

6    *Garrett*, Mr. Richards represented to the Court that he was prepared to begin trial

7    on March 3, 2009.  As in *Garrett*, prior to granting the Motion for Substitution,

8    this Court made clear that the Court expected to begin trial on the previously-set

9    March 3, 2009 trial date.  In addition, Mr. Richards represented that if the Court

10   found against Zipper on the Speedy Trial Act and the *Garrett* issues, he would be

11   ready to begin trial on March 3, 2009.  Accordingly, there is no conflict here

12   between Zipper's choice of counsel and a continuance.  Mr. Richards has clearly

13   represented to this Court that if Zipper did not prevail on those two arguments, he

14   would be ready to proceed on the previously-set trial date.

15       **E.    Additional Motion Practice**

16       Zipper argues that a continuance is also warranted because Mr. Richards has

17   been prevented from preparing for trial because he has unexpectedly had to draft

18   several motions.  (Mot. at 7:6-13.)  Specifically, Zipper identifies this Motion, a

19   motion to dismiss the Second Superseding Indictment, and a motion to exclude

20   "late produced" 404(b) evidence.  (*Id*.)

21       Zipper's fifth argument is belied by the procedural history in this case and

22   the motions themselves.  On February 24, 2009, Zipper filed a "Motion to

23   Preclude The Statement of Joshua Drum [sic] Provided as 404(B) Evidence" (the

24   "404(b) Motion") and "Motion to Dismiss Counts Three and Twelve of Th [sic]

25   Second Superceding [sic] Indictment" (the "Motion to Dismiss").  Together the

26   404(b) Motion and the Motion to Dismiss constitute three and a half pages of

27   briefing.  [*See* Doc. Nos. 172, 175.]

28       The Motion to Dismiss does not make any new arguments that were not

9

1    contained in Zipper's previously-filed motion to dismiss the First Superseding

2    Indictment.  [*Compare* Doc. No. 121 *with* Doc. No. 175.]  In fact, the Motion to

3    Dismiss only repeats an argument made in the previously-filed motion to dismiss

4    indicating to the Court that very little time was required to prepare it for filing.

5    Moreover, the arguments in the Motion to Dismiss are not directed to any of the

6    new counts added by the Government in the Second Superseding Indictment.

7    Accordingly, the Court finds that Zipper's arguments in this regard are not

8    persuasive.

9         Zipper's arguments regarding the 404(b) Motion are also unpersuasive.  As

10   discussed above, Rule 404(b) clearly contemplates a pretrial, or, if good cause is

11   shown, during trial, disclosure of 404(b) evidence.  In this case, the Government

12   complied with its Rule 404(b) obligations both with respect to the rule itself and

13   this Court's Order regarding 404(b) notice.  Here, Mr. Richards was aware of the

14   404(b) notice prior to the hearing on the Motion for Substitution.  His argument

15   that he previously represented that he was prepared for trial to begin on March 3,

16   2009 with the understanding that there was no 404(b) evidence is simply not

17   credible since Mr. Richards was aware of the 404(b) notice at the time he

18   represented to the Court that he would be prepared to go forward on March 3,

19   2009.  Furthermore, the very brevity of the 404(b) Motion suggests that its

20   preparation did not divert any meaningful time from Mr. Richards' trial

21   preparation.

22        Finally, the time Mr. Richards has devoted to drafting this Motion is not

23   unexpected.  Mr. Richards stated repeatedly during the February 17, 2009 hearing

24   that he would be moving for a continuance.  Moreover, Zipper admits in the

25   Motion that Mr. Richards notified the Government "on February 11, 2009, three

26   weeks before the trial date he would be substituting into the case and requesting a

27   continuance."  (Mot. at 6:24-26.)  Accordingly, Zipper's inclusion of this Motion

28   in his list of "unexpected briefing" is undermined by his assertions in the Motion

1    itself.

2                              **CONCLUSION**

3           Based on the foregoing, the Court DENIES Defendant's Motion for a

4    Continuance of the Trial.  However, to provide defense counsel with some

5    additional time to prepare for trial, the Court is prepared to proceed with the

6    following schedule: (1) jury selection on March 3, 2009; (2) recess from March 4-

7    6, 2009; (3) commence trial on March 9, 2009; (4) recess from March 16-19,

8    2009;[4] (5) resume trial on March 20, 2009; and (6) complete trial by March 31,

9    2009.

10          IT IS SO ORDERED.

11

12   DATED:   April 14, 2009          By _____

13                                        CONSUELO B. MARSHALL
                                          UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28   [4]  The Government expected to rest on March 13, 2009.  Therefore, the Defendant would have
     an additional week to prepare his case for trial.

                                        11